IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SAUNDERS,

        Plaintiff,                  No. 2:10-cv-02559 GEB KJN PS

       v.

THE LAW OFFICES OF ELAINE VAN BEVEREN, ELAINE VAN BEVEREN, Individually,

        Defendants.             <u>ORDER</u>

/

        Plaintiff, who is proceeding without counsel, filed his complaint on September 21, 2010.[1] Presently before the court is plaintiff's application to proceed in forma pauperis. For the reasons stated below, the undersigned will grant plaintiff's application to proceed in forma pauperis, but will dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2). Such dismissal will be without prejudice, and plaintiff will be granted leave to file a first amended complaint.

I.    <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) His application and declaration make the showing required by 28 U.S.C.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  §§ 1915(a)(1) and 1915(2).  Accordingly, the undersigned grants his request to proceed in forma
2  pauperis.

3  The determination that a plaintiff may proceed in forma pauperis does not
4  complete the required inquiry.  The court is also required to screen complaints brought by parties
5  proceeding in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d
6  1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to
7  dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the
8  allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a
9  claim on which relief may be granted, or the action seeks monetary relief against an immune
10 defendant.

11 In assessing whether a plaintiff's complaint fails to state a claim on which relief
12 can be granted, the court adheres to the "notice pleading" standard.  Under the notice pleading
13 standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a
14 "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P.
15 8(a)(2); <u>see</u> <u>also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  A complaint should
16 be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it
17 does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  <u>See</u> <u>Coto</u>
18 <u>Settlement v. Eisenberg</u>, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 129 S.
19 Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content
20 that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged.'"  <u>Caviness v. Horizon Cmty. Learning Ctr., Inc.</u>, 590 F.3d 806, 812 (9th
22 Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the
23 complaint as true and construes them in the light most favorable to the plaintiff.  <u>Corrie v.</u>
24 <u>Caterpillar</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as
25 true conclusory allegations that are contradicted by documents referred to in the complaint, and
26 [the court does] not necessarily assume the truth of legal conclusions merely because they are

2

cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

II.     Screening of Plaintiff's Complaint

Plaintiff's complaint arises from a contentious custody dispute between plaintiff and April Berger, plaintiff's "ex-partner" and mother of the two minor daughters at the center of the dispute, which has proceeded in Sacramento County Superior Court ("Superior Court").[2] (See Compl. ¶¶ 3-5, 30.) Plaintiff alleges that in connection with the custody proceedings, the Superior Court appointed defendant attorney Elaine Van Beveren to represent the two minor daughters. (Id. ¶¶ 6, 28-29.) Based on the allegations in the complaint, it appears that Ms. Van Beveren is the principal attorney in the Law Offices of Elaine Van Beveren, a named defendant.

Generally, plaintiff alleges that Ms. Van Beveren, as the court-appointed attorney for the minor children, engaged in conduct that gives rise to: (1) violations of 42 U.S.C. § 1983 as a result of alleged violations of plaintiff's and the minors daughters' constitutional rights secured by the First and Fourteenth Amendments to the United States Constitution; and (2) violations of California state law.[3] (See, e.g., Compl. ¶ 22.) Some of plaintiff's claims—including plaintiff's claims of civil battery, false imprisonment—appear to arise from a September 23, 2008 meeting between plaintiff, Ms. Van Beveren, and plaintiff's two minor daughters. Plaintiff's claims also appear to arise from recommendations that Ms. Beveren made to the Superior Court regarding custody and visitation of the children, which were adopted in full

---

[2] This summary of facts is not an exhaustive recitation of the allegations in the complaint.

[3] Plaintiff alleges that this court has subject matter jurisdiction over his Section 1983 claims pursuant to 28 U.S.C. § 1331 and that the court may exercise supplemental jurisdiction over the alleged state law claims pursuant to 28 U.S.C. § 1367. (Compl. ¶ 22.)

3

by a judge of the Superior Court.

The primary pleading deficiency with plaintiff's complaint is that it is very difficult to discern what precise claims plaintiff actually wishes to raise, and which factual allegations support those claims. Some of plaintiff's claims are coherently pled, such as his state law claims for civil battery, false imprisonment, and intentional infliction of emotional distress. However, the complaint also contains a scattershot of claims, raised simply by passing reference, and such claims are not coherently tied to the facts alleged in the complaint. For example, plaintiff alleges that his damages arise from "crimes" committed by Ms. Van Beveren. However, this is a civil lawsuit, not a criminal prosecution. As another example, plaintiff identifies several potential claims in a single paragraph and does not, in all cases, succinctly explain the facts that give rise to those myriad claims. In paragraph 2 of the complaint, plaintiff alleges that he seeks relief "for aggravated assault and battery, child abuse, attempted kidnaping, false imprisonment, personal injuries, intentional infliction of emotional distress on himself and his daughters, perjury, fraud, obstruction of justice, suppression of evidence, collusion, misprision of felony, conspiracy, deprivation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, and more." (Compl. ¶ 2.) Elsewhere, plaintiff briefly alleges a claim for defamation without even identifying the allegedly defamatory statement. (Id. ¶ 14.) This lack of organization persists throughout the complaint.

It appears that plaintiff may be able to state some claims that will support an order directing that plaintiff's complaint be served on defendants. However, the undersigned will dismiss plaintiff's complaint at this time and provide plaintiff with an opportunity to file a first amended complaint that contains a "short and plain statement" of each claim showing entitlement to relief. Plaintiff is advised to review the notice pleading standards described above. The undersigned emphasizes that the central problem with plaintiff's complaint is not one of length; it is a problem of organization. To remedy the problems in his complaint, plaintiff should only allege the claims that he really wishes to pursue, and provide succinct factual allegations

4

supporting each claim. Plaintiff should consider identifying each claim by an underscored "header," and conveying the factual allegations supporting each claim under that specific header.

Next, the undersigned will identify some more specific issues. These issues necessarily impact any first amended complaint filed by plaintiff.

A.   <u>Plaintiff's Claims Brought Pursuant to 42 U.S.C. § 1983</u>

Plaintiff has alleged violations of 42 U.S.C. § 1983 premised on alleged violations of his First and Fourteenth Amendment rights. As with his other claims, it is difficult to discern which precise facts or actions by defendants support the Section 1983 claims. Additionally, plaintiff's Section 1983 claims are raised against a court-appointed private attorney, which in turn raises questions regarding whether Ms. Van Beveren and her law office are proper defendants in the context of a Section 1983 claim.

Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." <u>Franklin v. Fox</u>, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)).

Here, plaintiff alleges that a court-appointed private attorney is liable for violations of Section 1983. However, plaintiff has not alleged that Ms. Beveren or her law office are "state actors" or acted under color of state law. Moreover, the Ninth Circuit Court of Appeals has held that, at least under Washington state law, a private individual appointed by the court in a state custody action to serve as a guardian *ad litem* is not generally considered to be a state actor or acting under color of state law. See <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1092-95 (9th Cir.

2003). Relying on Kirtley, the district court for the Northern District of California has concluded that under California law, a court-appointed attorney who represents a juvenile pursuant to the California Welfare and Institution Code, is not necessarily a state actor or acting under color of state law. See Chambers v. Santa Clara County, No. C 05-3308 SI, 2006 WL 2433413, at *3 (N.D. Cal. Aug. 21, 2006) (unpublished). Although the decision in Chambers does not necessarily dispose of plaintiff's Section 1983 claims, plaintiff should be aware of the decisions in Chambers and Kirtley in drafting a first amended complaint.

Plaintiff's failure to allege that defendants are state actors or acted under color of state law serve as an additional ground for the dismissal of plaintiff's Section 1983 claims. In filing any amended complaint, plaintiff must rectify these pleading deficiencies in order to survive the screening stage. In addition to providing factual allegations substantiating that defendants are state actors or acted under color of state law when allegedly violating plaintiff's constitutional rights, plaintiff should clearly identify each specific constitutional right allegedly violated and the facts that substantiate each purported violation.

B.  Potential Implication of the Rooker-Feldman Doctrine

Although it is unclear from the complaint, plaintiff does not appear to be seeking the review or reversal of any final judgment rendered by the Superior Court. Plaintiff appears to only seek damages. (See Compl. at 15.) However, because plaintiff will be permitted to file a first amended complaint in this action, the undersigned will admonish plaintiff regarding potential jurisdictional issues that might arise if he seeks review of judgments of the Superior Court. In short, pursuant to the Rooker-Feldman Doctrine, this court would lack jurisdiction to exercise what would be in effect appellate review of final state court judgments.

"'The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments.'" AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007) (quoting Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007)). "Essentially, the doctrine bars 'state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments."[4] Henrichs, 474 F.3d at 613 (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); accord Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008). The Rooker-Feldman doctrine may also apply, however, where the parties do not directly contest the merits of a state court decision, but file an action that constitutes a "de facto" appeal from a state court judgment. Reusser, 525 F.3d at 859. Such a de facto appeal exists where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. (citation and quotation marks omitted). "Once a federal plaintiff seeks to bring a forbidden de facto appeal . . . , that federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the forbidden de facto appeal is brought." Noel, 341 F.3d at 1158.

Again, it appears to the undersigned that plaintiff's allegations do not presently implicate the Rooker-Feldman jurisdictional bar. The above-stated information regarding this

---

[4] In Noel v. Hall, the Ninth Circuit Court of Appeals provided the following "general formulation" of Rooker-Feldman:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction. If there is simultaneously pending federal and state court litigation between the two parties dealing with the same or related issues, the federal district court in some circumstances may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-precluded under § 1738. But in neither of these circumstances does *Rooker-Feldman* bar jurisdiction.

341 F.3d 1148, 1164 (9th Cir. 2003).

potential bar is provided as limited guidance to plaintiff in drafting any first amended complaint.

   C.  <u>Claims Possibly Alleged on Behalf of the Two Minor Daughters</u>

    Although the caption of plaintiff's complaint does not name plaintiff's minor daughters as plaintiffs in the action, plaintiff's complaint repeatedly refers to injuries and damages incurred by the minor daughters.  Thus, it appears that plaintiff is attempting to seek recovery on behalf of his minor daughters.  In short, plaintiff, who is proceeding without counsel and does not appear to be an attorney, may not represent the minor daughters in this action.  Those minors must be represented by an attorney.

    The Ninth Circuit Court of Appeals has plainly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997); <u>accord</u> <u>Lin v. Ashcroft</u>, 377 F.3d 1014, 1025 (9th Cir. 2004).  The rationale for this rule is a protective one, and the Court of Appeals has stated that where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." <u>Johns</u>, 114 F.3d at 877 (citation and internal quotation marks omitted); <u>accord</u> <u>Lin</u>, 377 F.3d at 1025 ("Indeed, the right of minors to competent counsel is so compelling that we have joined other circuits in holding that a 'guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer.'") (quoting <u>Johns</u>, 114 F.3d at 876).

    Accordingly, plaintiff may not pursue claims on behalf of the two minor daughters without retaining a lawyer to represent the minors in this action.  The undersigned will grant plaintiff 45 days to retain legal representation for the two minor daughters.  If review of any first amended complaint filed in this action reveals that the minors are not represented by an attorney, the undersigned will recommend the dismissal of all claims without prejudice to the extent that such claims seek relief on the minor daughters' behalf.

////

////

III. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted 45 days from the date of this order to file a first amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed. Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. Plaintiff may not represent the two minors in this action without retaining a lawyer to represent them, and plaintiff shall have 45 days from the date of service of this order to retain legal representation for the two minor daughters.

IT IS SO ORDERED.

DATED: December 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE