IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SAUNDERS,

        Plaintiff,                  No. 2:10-cv-02559 GEB KJN PS

     v.

THE LAW OFFICES OF ELAINE VAN
BEVEREN, ELAINE VAN BEVEREN,
Individually,

        Defendants.              ORDER

_____/

        Plaintiff, who is proceeding without counsel, filed his complaint and an application to proceed in forma pauperis on September 21, 2010. On December 1, 2010, the undersigned granted plaintiff's application to proceed in forma pauperis, but dismissed plaintiff's complaint pursuant to the court's screening authority under 28 U.S.C. § 1915(e)(2) and granted leave to amend. (Order, Dec. 1, 2010, Dkt. No. 3.) On January 14, 2011, plaintiff filed a First Amended Complaint alleging a federal claim for violations of his civil rights and several state law claims. (First Am. Compl., Dkt. No. 4.)

        The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

1

1  prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to
2  28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma
3  pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the
4  action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
5  monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also
6  clear that section 1915(e) not only permits but requires a district court to dismiss an in forma
7  pauperis complaint that fails to state a claim.").

8        The undersigned cannot conclude on the present record that plaintiff's action is
9  frivolous, fails to state claims on which relief can be granted, or seeks monetary relief from an
10 immune defendant. The undersigned reserves decision as to plaintiff's claims until the record is
11 sufficiently developed, and this order does not preclude defendants from challenging plaintiff's
12 complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other
13 appropriate methods of challenging plaintiff's First Amended Complaint. Accordingly, the
14 undersigned will order service of the First Amended Complaint on defendants Elaine Van
15 Beveren, an individual, and the Law Offices of Elain Van Beveren.

16       For the foregoing reasons, IT IS HEREBY ORDERED that:
17       1.   Service of plaintiff's First Amended Complaint is appropriate for the
18 following defendants: Elaine Van Beveren, an individual, and the Law Offices of Elain Van
19 Beveren.
20       2.   The Clerk of the Court is directed to issue forthwith all process pursuant to
21 Federal Rule of Civil Procedure 4.
22       3.   The Clerk of Court shall send plaintiff two USM-285 forms, one
23 summons, an endorsed copy of the First Amended Complaint, this court's scheduling order, and
24 the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all
25 purposes.
26       4.   Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

        a.      One completed summons;

        b.      One completed USM-285 form for each defendant to be served;

        c.      A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

        d.      A copy of this court's scheduling order and related documents for each defendant to be served; and

5. Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal.*

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

7. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

8. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: February 9, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3