1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT SAUNDERS,

11            Plaintiff,                    No. 2:10-cv-02559 GEB KJN PS

12        v.

13   THE COUNTY OF SACRAMENTO,
     CALIFORNIA; THE LAW OFFICES
14   OF ELAINE VAN BEVEREN; ELAINE
     VAN BEVEREN, Individually,
15
              Defendants.                   ORDER and FINDINGS AND
16                                           RECOMMENDATIONS
     _____/
17

18            Presently before the court[1] is a motion to dismiss filed by defendants Elaine Van

19   Beveren and Law Offices of Elaine Van Beveren (collectively, the "Van Beveren Defendants").[2]

20   The Van Beveren Defendants move to dismiss: (1) plaintiff's federal, 42 U.S.C. § 1983 claims

21   pursuant to Federal Rules of Civil Procedure 12(b)(6); and (2) plaintiff's remaining state law

22

23        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).
24
          [2]  A status (pretrial scheduling) conference was also set to take place on July 7, 2011.  The
25   parties filed a timely Joint Status Report.  (Dkt. No. 20.)  In light of this disposition, however, the
     undersigned does not presently enter a scheduling order and continues the status (pretrial scheduling)
26   conference.

                                              1

1  claims pursuant to Federal Rules of Civil Procedure 12(b)(1).  As to the latter aspect of the Van

2  Beveren Defendants' motion, it is more correctly characterized as a request that the court decline

3  to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C.

4  § 1367(c), rather than a motion to dismiss for lack of subject matter jurisdiction.

5        The court heard the Van Beveren Defendants' motion on its law and motion

6  calendar on July 7, 2011.  Attorney Jason W. Schaff appeared on behalf of the Van Beveren

7  Defendants.  Plaintiff, who is proceeding without counsel and in forma pauperis, appeared on his

8  own behalf.  Attorney Ashley M. Wisniewski appeared on behalf of defendant County of

9  Sacramento ("County").

10        The undersigned has considered the briefs, oral arguments, and the appropriate

11  portions of the record in this case and, for the reasons stated below, recommends that the Van

12  Beveren Defendants' motion to dismiss be granted in part, and that plaintiff's claims for relief

13  brought pursuant to 42 U.S.C. § 1983 and alleged against the Van Beveren Defendants be

14  dismissed with prejudice.  The Van Beveren Defendants' request that the court decline to

15  exercise jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c) is held in

16  abeyance pending complete resolution of the screening of plaintiff's federal claims alleged

17  against the County.

18        Additionally, the undersigned further screens plaintiff's claims against the

19  County.  Pursuant to the court's screening authority provided in 28 U.S.C. § 1915(e)(2)(B),

20  plaintiff's claims for relief alleged against the County are dismissed without prejudice.  Plaintiff

21  is granted leave to file a Second Amended Complaint within 30 days after the United States

22  District Judge assigned to this matter has resolved the portion of this disposition that consists of

23  findings and recommendations.  As a result, the undersigned denies the County's motion to

24  quash and motion to dismiss (Dkt. No. 15) as moot and vacates the hearing presently set for

25  August 25, 2011.

26  ////

I.      BACKGROUND

      A.      Plaintiff's First Amended Complaint

           Plaintiff's First Amended Complaint (Dkt. No. 4) is the operative complaint. Plaintiff's claims for relief arise from a contentious custody dispute proceeding in the Sacramento County Superior Court ("Superior Court") between plaintiff and April Berger, plaintiff's "ex-partner" and mother of the two minor daughters who are at the center of the custody dispute. (See First Am. Compl. at 2, 9.) Plaintiff, who alleges that he is physically disabled and uses a cane, is alleged to be the minor children's father. (Id. at 3, 9)

           Relevant here, plaintiff alleges claims for relief against Van Beveren and the Law Offices of Elaine Van Beveren. On December 5, 2007, Van Beveren was appointed by the Superior Court to serve as counsel for the minor children. (First Am. Compl. at 9, 12-13; Order, Dec. 5, 2007, attached as Ex. A to Req. for Judicial Notice, Dkt. No. 13, Doc. No. 13-2.)[3] Plaintiff alleges that the Law Offices of Elaine Van Beveren "is the business entity owned by Attorney Elaine Van Beveren," but that Van Beveren "is acting as an agent and under the direction of/and or the supervision of the County of Sacramento." (First Am. Compl. at 12.)

           Plaintiff's claims arise from six separately identified "incidents." The first alleged incident occurred on September 23, 2008, during a meeting between plaintiff and Van Beveren regarding the Superior Court proceedings; plaintiff's minor daughters were present. (First Am. Compl. at 2.) In short, plaintiff alleges that Van Beveren repeatedly lost her temper during the

---

[3] The Van Beveren Defendants request that the court take judicial notice of an order of the Superior Court, which effectuated the appointment of Elaine Van Beveren as counsel for plaintiff's minor children in Superior Court case number 06FL04415. (See Req. for Judicial Notice & Ex. A.) The undersigned grants the Van Beveren Defendants' request for judicial notice because this court may take judicial notice of filings in state court actions where the state court proceedings have a direct relation to the matters at issue. See, e.g., Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008) (citing U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Here, the order of appointment is central to plaintiff's claims against the Van Beveren Defendants.

meeting, repeatedly screamed at plaintiff and his daughters in an angry and harassing tone, blocked the doorway to the conference room in an attempt to prevent plaintiff from leaving the conference room with his daughters, grabbed and twisted one or both of plaintiff's daughters' arms in a forceful manner, repeatedly pushed plaintiff in the back as plaintiff protectively stood between his daughters and Van Beveren, and threatened plaintiff with the loss of his visitation rights.  (See id. at 2-3.)  This behavior allegedly continued in the parking lot as plaintiff attempted to leave with his daughters.  (Id. at 3.)

The second incident occurred on September 24, 2008, during a hearing in the Superior Court.  (See First Am. Compl. at 4.)  Plaintiff alleges that Van Beveren lied and perjured herself in open court regarding the confrontation that had occurred the day before.  (Id.) Plaintiff alleges that in retaliation for plaintiff's complaint to the Superior Court about the prior altercation, and in an effort to violate plaintiff's rights of due process and familial association, Van Beveren successfully made recommendations that severely restricted or eliminated plaintiff's access to his daughters.  (See id. at 5.)  Plaintiff alleges that as a result of Van Beveren's recommendations, plaintiff lost his joint custody and visitation time, full custody was awarded to Berger, and plaintiff was forced to undergo a court-ordered psychological evaluation, among other things.  (See id.)

The third "incident" concerns plaintiff's allegation that Van Beveren repeatedly failed to comply with a "Court Ordered Directive," which required Van Beveren to speak with the "Rabbi of Plaintiff's synagogue [regarding] holidays, religious issues, education, etc. pertaining to Plaintiff's daughters."[4]  (First Am. Compl. at 6 (emphasis omitted).)  Plaintiff alleges that Van Beveren's "inattention to the above court directive, led to Plaintiff's daughters attending less than 50% of their overall religious education instruction," which "was of great concern to Plaintiff" and was disruptive to plaintiff's daughters.  (Id.)

---

[4]  Plaintiff alleges the Court Ordered Directive was entered in December 2007.  (See First Am. Compl. at 6.)

1    In regards to the fourth "incident," plaintiff alleges that April Berger had not

2 granted plaintiff all of the visitation time to which plaintiff was entitled.  (See First Am. Compl.

3 at 7.)  Plaintiff alleges that he brought this fact to Van Beveren's attention, but Van Beveren

4 never pursued the matter despite making a representation to the contrary.  (See id.)

5    Underlying the fifth incident is an allegation that one of plaintiff's daughters was

6 "violently assaulted by a playmate" in or around February 2008.  (First Am. Compl. at 7.)

7 Plaintiff alleges that he informed Van Beveren about the assault, but Van Beveren initially "did

8 nothing about it," and then only "dealt with it very minimally and unrealistically" about five

9 months after plaintiff "pushed the issue" with Van Beveren.  (See id. at 7-8 (quotation marks

10 omitted).)  Plaintiff alleges that he "believes that . . . Van Beveren retaliated against [him] for

11 reporting these issues to his attorney and the court."  (Id. at 8.)

12    As to the sixth incident, plaintiff alleges that on March 9, 2009, the Superior

13 Court granted Berger's and Van Beveren's requests to terminate plaintiff's supervised visitation

14 with his daughters. (First Am. Compl. at 8.)  Plaintiff alleges that as a result of Van Beveren's

15 "criminal behaviors and violations, legal manipulations and misdirections," among other things,

16 he has not seen his daughters in over 22 months.  (Id.)

17    It is not entirely clear what specific claims plaintiff intended to allege because his

18 claims are in large part buried throughout his pleading, with very few headings to guide the

19 reader.  However, the First Amended Complaint reflects that plaintiff alleges that the Van

20 Beveren Defendants violated plaintiff's rights provided by the First and Fourteenth Amendments

21 to the United States Constitution.  (See First Am. Compl. at 8, 10, 14, 15.)  These allegations

22 implicate 42 U.S.C. § 1983.  Plaintiff also alleges myriad claims under California law, including

23 claims for civil assault, civil battery, false imprisonment, intentional infliction of emotional

24 distress, negligent infliction of emotional distress, fraud, abuse of process, "and more."  (See id.

25 at 8; see also id. at 13-15.)

26 ////

B.   <u>Procedural History</u>

Plaintiff filed his complaint and an application to proceed in forma pauperis on September 21, 2010.  (Dkt. Nos. 1, 2.)  Plaintiff's original complaint named Van Beveren and the Law Offices of Elaine Van Beveren as the only defendants.  The court granted plaintiff's application to proceed in forma pauperis and screened plaintiff's complaint pursuant to 28 U.S.C. § 1915.  (Order, Dec. 2, 2010, Dkt. No. 3.)  The court dismissed plaintiff's complaint without prejudice and granted plaintiff leave to file an amended complaint.  (<u>Id.</u> at 9.)

On January 14, 2011, plaintiff filed a timely First Amended Complaint, which named the Van Beveren Defendants and added the County as a defendant.  The First Amended Complaint does not allege any acts, policies, customs, or practices attributable to the County that give rise to plaintiff's claims.

On February 10, 2011, the court ordered service of plaintiff's First Amended Complaint on the Van Beveren Defendants through the United States Marshal's office.  (Order, Feb. 10, 2011, Dkt. No. 5.)  The court did not order service on the County.  Despite this limited service-related order, the Clerk of Court issued a summons for the County on February 15, 2011.  (Summons in a Civil Case, Dkt. No. 8.)  Although it is unclear why a summons was issued as to the County, that summons was issued in error.

On May 12, 2011, plaintiff filed executed summonses for the Van Beveren Defendants and the County.  (Dkt. No. 10, 11.)  These executed summonses reflect that plaintiff apparently effectuated service of process of the First Amended Complaint and the summonses through a private process server rather than the United States Marshal.

On June 2, 2011, the Van Beveren Defendants filed the motion to dismiss presently before the court.  (Van Beveren Defs.' Mot. to Dismiss, Dkt. No. 13.)  Plaintiff filed a timely written opposition to the motion.  (Pl.'s Opp'n, Dkt. No. 16.)

Also on June 2, 2011, the County filed a motion to quash service of the summons on it pursuant to Federal Rule of Civil Procedure 12(b)(5), and motion to dismiss plaintiff's

1   claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 15.)  The County argues,

2   in part, that the court never ordered service on it and, therefore, the summons was issued in error.

3   The County also attacks plaintiff's claims on the merits.  That motion is set to be heard on

4   August 25, 2011.

5   II.      LEGAL STANDARDS

6              A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

7   challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

8   Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

9   of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

10  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

11  also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053

12  (2010).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual

13  allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its

14  face.'"  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v.

15  Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads

16  factual content that allows the court to draw the reasonable inference that the defendant is liable

17  for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812

18  (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in

19  the complaint as true and construes them in the light most favorable to the plaintiff.  Corrie v.

20  Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as

21  true conclusory allegations that are contradicted by documents referred to in the complaint, and

22  [the court does] not necessarily assume the truth of legal conclusions merely because they are

23  cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks

24  omitted).

25              The court must construe a pro se pleading liberally to determine if it states a claim

26  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

7

1  opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See

2  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica

3  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally

4  construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d

5  338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally

6  even when evaluating them under Iqbal.).

7        In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may

8  generally consider only allegations contained in the pleadings, exhibits attached to the complaint,

9  and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of

10 Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although

11 the court may not consider a memorandum in opposition to a defendant's motion to dismiss to

12 determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections,

13 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers

14 in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2

15 (9th Cir. 2003) (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38

16 (9th Cir. 2001)).

17 III.   DISCUSSION

18       A.   Plaintiff's Section 1983 Claims Alleged Against the Van Beveren Defendants Are
            Subject To Dismissal With Prejudice
19

20       The Van Beveren Defendants move to dismiss plaintiff's Section 1983 claims on

21 the ground that neither Elaine Van Beveren nor her law firm is a state actor or acted under color

22 of state law for the purposes of a Section 1983 claim.  (Van Beveren Defs.' Memo. of P. & A. In

23 Supp. of Mot. to Dismiss at 6-7, Dkt. No. 13, Doc. No. 13-1.)  They contend that a private

24 attorney appointed by a court to represent minor children in a family law proceeding is not a state

25 actor and does not act under color of state law.  Plaintiff opposes the motion on the ground that

26 he sufficiently alleged facts demonstrating that Elaine Van Beveren, as a state actor, took

1  "affirmative actions . . . in furtherance of her state-mandated authority," or failed to act "as she

2  was bound to do," all of which resulted in a deprivation of plaintiff's constitutional rights.  (See

3  Pl.'s Opp'n at 12.)

4  　　　　　　　　In relevant part, 42 U.S.C. § 1983 provides:

5  　　　　　Every person who, under color of any statute, ordinance, regulation,
   　　　　　custom, or usage, of any State . . . , subjects, or causes to be subjected, any
6  　　　　　citizen of the United States or other person within the jurisdiction thereof
   　　　　　to the deprivation of any rights, privileges, or immunities secured by the
7  　　　　　Constitution and laws, shall be liable to the party injured in an action at
   　　　　　law, suit in equity, or other proper proceeding for redress . . . .
8

9  Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an

10 individual who under color of state law subjects or causes, any citizen of the United States to the

11 deprivation of any rights, privileges or immunities secured by the Constitution and laws."

12 Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983).  "To state a claim

13 under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

14 Constitution or laws of the United States was violated, and (2) that the alleged violation was

15 committed by a person acting under the color of State law."  Long v. County of L.A., 442 F.3d

16 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi

17 v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under

18 section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2)

19 deprived plaintiffs of rights secured by the Constitution or federal statutes" (citation omitted).).

20 　　　　　　　　Here, plaintiff alleges in his First Amended Complaint that the Van Beveren

21 Defendants violated his rights of due process and familial association provided by the Fourteenth

22 Amendment to the United States Constitution, and also generally alleges a violation of his First

23 Amendment rights.  (See First Am. Compl. at 8, 10, 14, 15.)  In his written opposition to the

24 motion to dismiss, plaintiff attempts to more clearly allege a First Amendment retaliation claim.

25 (Pl.'s Opp'n at 12-13; see also First Am. Compl. at 9.)  Evaluating plaintiff's pleading alone,

26 plaintiff has pled facts that satisfy the first essential element of a Section 1983 claim.

1    However, regardless of the number or type of constitutional violations alleged,

2    plaintiff cannot successfully allege that the Van Beveren Defendants are state actors or acted

3    under color of state law for the purposes of a Section 1983 claim.  Elaine Van Beveren is a

4    private attorney who is alleged to own the Law Offices of Elaine Van Beveren.  Van Beveren is a

5    private actor who owns a private business, but was appointed to act as minors' counsel by the

6    Superior Court.

7    To determine whether a private actor acts under color of state law, the court

8    evaluates whether the alleged infringement of federal rights is "fairly attributable" to the

9    government even though committed by private actors.  Kirtley v. Rainey, 326 F.3d 1088, 1092

10   (9th Cir. 2003).  In terms of counsel appointed by courts in other contexts, it is well-settled that a

11   public defender appointed to represent a criminal defendant is not a state actor and does not act

12   under color of state law for the purposes of a Section 1983 claim.  See Polk County v. Dodson,

13   454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law

14   when performing traditional functions as counsel in a criminal proceeding); accord Miranda v.

15   Clark County, Nev., 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding that, as a matter of

16   law, a public defender who was appointed to represent a criminal defendant in a traditional

17   lawyer role was not a state actor despite the fact that he was "paid by government funds and hired

18   by a government agency").  Additionally, courts have persuasively held that counsel appointed to

19   represent minors in state court juvenile proceedings, either as counsel or guardians ad-litem, are

20   not considered state actors for the purpose of a Section 1983 claim.  See Kirtley, 326 F.3d

21   at 1092-96 (holding that a private attorney appointed by the state to represent a minor in court

22   proceedings as guardian ad litem does not act under color of state law for the purpose of a

23   Section 1983 claim); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (per

24   curiam) (holding that a private attorney appointed by court to represent minor in state court

25   juvenile delinquency proceedings does not act under color of state law for the purpose of a

26   Section 1983 claim), cert. denied, 479 U.S. 828 (1986); Chambers v. Santa Clara County, No. C

10

1  05-3308 SI, 2006 WL 2433413, at *3 (N.D. Cal. Aug. 21, 2006) (unpublished) (same).

2  Similarly, a judge of this court persuasively concluded that an attorney in private practice who

3  was appointed by a court to represent children in child custody proceedings did not act under

4  color of state law for the purpose of a Section 1983 claim subsequently brought by the children's

5  parent against the appointed counsel.  Deluz v. Law Offices of Frederick S. Cohen, No. CIV

6  S-10-0809 GEB DAD PS, 2011 WL 677914, at *4-5 (E.D. Cal. Feb. 17, 2011) (unpublished),

7  adopted by Order, Mar. 22, 2011.[5]

8        Here, insofar as the alleged constitutional violations are concerned, Elaine Van

9  Beveren acted as court-appointed counsel for plaintiff's minor children and represented them in

10  connection with proceedings in the Superior Court.  Such court-appointed representation does

11  not support that the Van Beveren Defendants' acts were fairly attributable to the government

12  such that the Van Beveren Defendants were acting under color of state law.  The authorities cited

13  above support that plaintiff's Section 1983 claim or claims alleged against the Van Beveren

14  Defendants cannot proceed because the Van Beveren Defendants are not state actors and did not

15  act under color of state law.  Accordingly, the undersigned recommends that plaintiff's Section

16  1983 claims be dismissed with prejudice as to the Van Beveren Defendants.

17        In opposing the Van Beveren Defendants' motion, plaintiff relies on a passage

18  from an opinion of the Fifth Circuit Court of Appeals, which suggests that a plaintiff might be

19  able to assert a First Amendment retaliation claim against a private defendant.  (See Pl's Opp'n at

20  12-13.)  In Keenan v. Tejeda, 290 F.3d 252 (5th Cir. 2002), the Court of Appeals described the

21  elements of a First Amendment retaliation claim as follows:

22        Unlike most of this circuit's First Amendment retaliation cases, this case

23

24     [5] As noted by the Van Beveren Defendants, the undersigned recently concluded that a private attorney appointed by a state court to represent minor children in child custody and dependency proceedings was not a state actor and did not act under color of state law for the purposes of a
25  Section 1983 claim.  See Berman v. McManus, No. 2:11-cv-00635 MCE KJN PS, 2011 WL 2144411, at *18-19 (E.D. Cal. May 31, 2011) (unpublished) (proposed findings and
26  recommendations pending).

does not involve an employment or other contractual relationship between the plaintiffs and the governmental officials.  The settled law of other circuits, which we endorse, holds that *to establish a First Amendment retaliation claim against an ordinary citizen,* Keenan and Przybylski must show that (1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct.

Id. (emphasis added).

Plaintiff somewhat understandably seizes on the use of the phrase "against an ordinary citizen" as support for the proposition that a First Amendment retaliation claim may be brought against a private actor regardless of the limitations imposed by 42 U.S.C. § 1983 and court decisions interpreting that statute.  However, the undersigned concludes that the Fifth Circuit Court of Appeals did not intend to create a new area of Section 1983 law wherein plaintiffs may sue any "ordinary citizen" for constitutional violations regardless of whether that ordinary citizen acted under color of state law.  Instead, it is apparent that the Court of Appeals in Keenan was attempting to distinguish between claims of alleged First Amendment retaliation involving an employment or other contractual relationship between the plaintiff and governmental officials, and other cases.  Indeed, Keenan and all of the cases cited therein involved claims of retaliation alleged against a state or local government actor.[6]  See Keenan, 290 F.3d 252 (concerning plaintiff's claim of First Amendment retaliation alleged against a county's constable and deputy constables); Carroll v. Pfeffer, 262 F.3d 847, 850 (8th Cir. 2001) (claim of First Amendment retaliation alleged against a police officer); Smith v. Plati, 258 F.3d 1167, 1176 (10th Cir. 2001) (First Amendment retaliation alleged against a state university's assistant athletic director for media relations); Lucas v. Monroe County, 203 F.3d 964, 973 (6th Cir. 2000) (First Amendment retaliation alleged against a county, a county sheriff, and other law

---

[6] Moreover, the phrase "ordinary citizen" is typically used in the First Amendment retaliation context to distinguish between the tests applied to claims of retaliation alleged against the government *by* ordinary citizens, contrasted with such claims asserted against the government by government employees.  See Kinney v. Weaver, 367 F.3d 337, 358-60 (5th Cir. 2004).

1   enforcement personnel).  In light of the context in which the Fifth Circuit Court of Appeals used

2   the label "ordinary citizen," as well as the well-established, essential elements of a claim under

3   42 U.S.C. § 1983, plaintiff's argument is not well-taken.

4          B.      The Court May Decline to Exercise Supplemental Jurisdiction

5                  The Van Beveren Defendants also request that the court decline to exercise

6   jurisdiction over plaintiff's remaining claims against them, all of which are premised on

7   California state law.  Although the undersigned is inclined to recommend that the court not

8   exercise supplemental jurisdiction over plaintiff's many claims for relief premised on state law,

9   the undersigned will hold this aspect of the Van Beveren's motion in abeyance pending the

10  resolution of plaintiff's Section 1983 claims against the County.  The undersigned further screens

11  the First Amended Complaint below and dismisses plaintiff's claims against the County without

12  prejudice.

13                 In regards to supplemental jurisdiction, 28 U.S.C. § 1367(a) provides, in relevant

14  part:

15              (a) Except as provided in subsections (b) and (c) or as expressly provided
                otherwise by Federal statute, in any civil action of which the district courts
16              have original jurisdiction, the district courts shall have supplemental
                jurisdiction over all other claims that are so related to claims in the action
17              within such original jurisdiction that they form part of the same case or
                controversy under Article III of the United States Constitution. . . .
18

19  The Ninth Circuit Court of Appeals has stated that "[d]istrict courts have discretion to hear

20  pendent state claims where there is a substantial federal claim arising out of a common nucleus

21  of operative fact."  Hoeck v. City of Portland, 57 F.3d 781, 785 (9th Cir. 1995).  The Supreme

22  Court has made clear that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's

23  right, and that district courts can decline to exercise jurisdiction over pendent claims for a

24  number of valid reasons."  See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172

25  (1997) (citations and quotation marks omitted); accord Voda v. Cordis Corp., 476 F.3d 887, 893,

26  897-98 (Fed. Cir. 2007); Groce v. Eli Lilly & Co., 193 F.3d 496, 500-01 (7th Cir. 1999); Royal

1  Towing, Inc. v. City of Harvey, 350 F. Supp. 2d 750, 756 (N.D. Ill. 2004).  Some valid reasons

2  are expressly contained in 28 U.S.C. § 1367(c), which provides:

> **(c)**  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> **(1)** the claim raises a novel or complex issue of State law,
>
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
>
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

10  The Supreme Court has further "indicated that district courts [should] deal with cases involving

11  pendent claims in the manner that best serves the principles of economy, convenience, fairness,

12  and comity which underlie the pendent jurisdiction doctrine." Int'l College of Surgeons, 522

13  U.S. at 172-73 (citation and quotation marks omitted, modification in original).

14           As stated above, the undersigned is inclined to recommend that the court not

15  exercise supplemental jurisdiction over plaintiff's state law claims.  Depending on the resolution

16  of these findings and recommendations and the ultimate resolution of the screening of plaintiff's

17  claims against the County, it is possible that none of plaintiff's claims that provide this court with

18  subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 will proceed.  Under that

19  scenario, the undersigned would likely recommend that the court not exercise supplemental

20  jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).  Even if a Section 1983 claim against the County

21  survives screening, 28 U.S.C. § 1367(c)(2) and the policies animating the supplemental

22  jurisdiction doctrine might very well counsel a recommendation that the court decline to exercise

23  supplemental jurisdiction.  In any event, the undersigned will be better able to judge the propriety

24  of exercising supplemental jurisdiction after resolution of plaintiff's federal claims against the

25  County.

26  ////

1    C.    Further Screening of Plaintiff's Claims Against the County

2    As noted above, the court never ordered service of plaintiff's First Amended

3    Complaint on the County.  (See Order, Feb. 10, 2011, at 2.)  Although not expressly stated,

4    service was not ordered because of the near complete absence of allegations pertaining to the

5    County's liability for any injury caused to plaintiff.  Nevertheless, a summons as to the County

6    was inadvertently issued, and plaintiff engaged a private process server to serve the First

7    Amended Complaint on the County.  This service resulted in the County filing a motion to quash

8    service and a motion to dismiss for failure to state a claim.  The undersigned further screens

9    plaintiff's First Amended Complaint here pursuant to 28 U.S.C. § 1915(e)(2), and, as a result of

10   that screening, denies the County's motion as moot.

11   The court is required to screen complaints brought by parties proceeding in forma

12   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

13   2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed

14   pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of

15   poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on

16   which relief may be granted, or the action seeks monetary relief against an immune defendant.

17   The "notice pleading" standards described above govern the screening of a plaintiff's complaint.

18   Here, plaintiff's First Amended Complaint alleges no facts that suggest that the

19   County is liable to plaintiff under 42 U.S.C. § 1983 or California law.  For this reason alone,

20   plaintiff's claims against the County are subject to dismissal.

21   At most, plaintiff appears to allege that the County is liable for the actions of Van

22   Beveren taken in her role as court-appointed counsel for the minor children.  (See First Am.

23   Compl. at 12 (alleging that Van Beveren "is acting as an agent and under the direction of/and or

24   the supervision of the County of Sacramento").)  This bare allegation of respondeat superior

25   liability is expressly insufficient to state a Section 1983 claim against the County.

26   In Monell v. Department of Social Services, 436 U.S. 658 (1978), the United

1   States Supreme Court limited municipal liability and held that "a municipality cannot be held

2   liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held

3   liable under § 1983 on a *respondeat superior* theory." Id. at 691.  Instead, "[l]ocal governing

4   bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief

5   where . . . the action that is alleged to be unconstitutional implements or executes a policy

6   statement, ordinance, regulation, or decision officially adopted and promulgated by that body's

7   officers." Id. at 690 (footnote omitted).  The Court further stated that "it is when execution of a

8   [local] government's policy or custom, whether made by its lawmakers or by those whose edicts

9   or acts may fairly be said to represent official policy, inflicts the injury that the government as an

10  entity is responsible under § 1983." Id. at 693; see also Bd. of County Comm'rs of Bryan

11  County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to

12  impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that

13  caused the plaintiff's injury.").

14          The Ninth Circuit Court of Appeals has held that in order to establish municipal

15  liability, "the plaintiff must establish: (1) that he [or she] possessed a constitutional right of

16  which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy

17  amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy

18  was the moving force behind the constitutional violation." Miranda v. City of Cornelius, 429

19  F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original);

20  see also Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish [municipal]

21  liability, a plaintiff must establish that he was deprived of a constitutional right and that the city

22  had a policy, practice, or custom which amounted to 'deliberate indifference' to the constitutional

23  right and was the 'moving force' behind the constitutional violation.") (citing Van Ort v. Estate

24  of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996)).  With respect to the last element, "[t]here must

25  be a direct causal link between a municipal policy or custom and the alleged constitutional

26  deprivation." Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en

16

banc) (citation and quotation marks omitted).  The Court of Appeals has recognized that in addition to showing that a constitutional violation resulted from an express municipal policy or custom, "[a] plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate."  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citation and quotation marks omitted).

        Here, plaintiff has not alleged any facts that satisfy the pleading standards attendant to a municipal liability claim under Monell and its progeny.  He has not alleged that Elaine Van Beveren acted pursuant to a municipal policy, custom, or practice.  He only alleges the sort of respondeat superior liability squarely foreclosed by Monell.  (See First Am. Compl. at 12.)  Accordingly, plaintiff's Section 1983 claims against the County are dismissed for this additional reason.

        Even more fundamentally, plaintiff's Section 1983 claims against the County are subject to dismissal because Van Beveren was appointed as minors' counsel by a Superior Court judge, who acted pursuant to authority conferred by the State of California, not the County.  See Wyatt v. County of Butte, No. 2:06-cv-1003-GEB-DAD, 2006 WL 3388550, at *3 (E.D. Cal. Nov. 22, 2006) (unpublished) (concluding that plaintiff's Monell claim could not proceed against the county insofar as the acts of state court judges were concerned because state judicial officers are state actors, not county actors) (citing Petty v. Petty, No. C 03-0548 SI, 2003 WL 21262369, at *4 (N.D. Cal. May 28, 2003) (unpublished) (stating that judges do not act pursuant to municipal policy and thus the county was an inappropriate defendant in regards to a Section 1983 claim premised on state court judges' actions)); see also Cal. Const. Art. IV, Section 1 ("The judicial power of this State is vested in the Supreme Court, courts of appeal, and superior courts,

17

all of which are courts of record."); cf. Appleton v. County of Sacramento, Civ. S-05-1685WBS KJM, 2005 WL 3555470, at *5 (E.D. Cal. Dec. 23, 2005) (unpublished) (concluding that "Sacramento County does not control the actions of the Superior Court of California, regardless of the court's physical location," and that "[b]y extension, [a] receiver appointed by the state court to effectuate its judgment also cannot represent the County or fall under its control").[7] These authorities provide additional reasons supporting the dismissal of plaintiff's Section 1983 claims against the County.

For the reasons stated above, the undersigned dismisses all of plaintiff's claims against the County pursuant to the court's screening authority.  However, plaintiff is granted leave to file a further amended complaint that attempts to cure the deficiencies noted in regards to plaintiff's claims against the County.  However, as the undersigned admonished plaintiff at the hearing on the Van Beveren Defendants' motion to dismiss, plaintiff should only re-allege claims against the County if he concludes, after assessing the facts of his case and researching the law including the authorities referred to here, that he can state a plausible Section 1983 claim against the County.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   Defendants Elaine Van Beveren and the Law Offices of Elaine Van Beveren's motion to dismiss (Dkt. No.13) be granted in part.

2.   Plaintiff's claims for relief brought pursuant to 42 U.S.C. § 1983 and alleged against defendants Elaine Van Beveren and the Law Offices of Elaine Van Beveren be dismissed with prejudice.

////

_____

[7] Cf. Eggar v. City of Livingston, 40 F.3d 312, 314-15 (9th Cir. 1994) (holding that a city in the State of Montana could not be held liable under Monell for the acts of a municipal court judge where the municipal court judge's exercise of judicial discretion derived from the authority of the state and was appealable to higher state courts), cert. denied, 515 U.S. 1136 (1995).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

It is FURTHER ORDERED that:

1.     Defendants Elaine Van Beveren and the Law Offices of Elaine Van Beveren's request for judicial notice is granted.

2.     Defendants Elaine Van Beveren and the Law Offices of Elaine Van Beveren's request that the court decline to exercise jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c) is held in abeyance pending resolution of the screening of plaintiff's federal claims for relief alleged against defendant County of Sacramento.

3.     Pursuant to the court's screening authority provided in 28 U.S.C. § 1915(e)(2)(B), plaintiff's claims for relief alleged against defendant County of Sacramento are dismissed without prejudice. Plaintiff is granted 30 days *from the date of an order entered by the United States District Judge assigned to this case resolving the recommendations* made above to file a further amended complaint that is complete in itself. The further amended complaint must bear the docket number assigned to this case and must be entitled "Second Amended Complaint." Plaintiff must file an original and one copy of the Second Amended Complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed. Additionally, plaintiff is informed that the court

19

cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

4.     Plaintiff need not serve his Second Amended Complaint on the County because the court will again screen that pleading as pursuant to 28 U.S.C. § 1915 and order service if appropriate.

5.     Defendant County of Sacramento's motion to quash and motion to dismiss (Dkt. No. 15) is denied as moot in light of the further screening of plaintiff's First Amended Complaint.  The hearing on those motions, presently scheduled for August 25, 2011, is vacated.

6.     A further status (pretrial scheduling) conference shall be held before the undersigned on Thursday, October 13, 2011, at 10:00 a.m., in Courtroom 25.  The parties shall file a joint status report at least seven days in advance of the status (pretrial scheduling) conference.

IT IS SO ORDERED AND RECOMMENDED.

DATED:  July 13, 2011


_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

20