IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SAUNDERS,

    Plaintiff,                      No. 2:10-cv-02559 GEB KJN PS

    v.

THE COUNTY OF SACRAMENTO,
CALIFORNIA; THE LAW OFFICES
OF ELAINE VAN BEVEREN; ELAINE
VAN BEVEREN, Individually,

    Defendants.                <u>ORDER</u>
_____/

        This order addresses an allegation of "judicial bias" on the part of the undersigned, asserted by plaintiff in his objections to an order and proposed findings and recommendations entered by the undersigned.[1] The undersigned broadly construes plaintiff's allegation of bias as a request that the undersigned disqualify himself from presiding over this action, and denies such request.

        On July 13, 2011, the undersigned entered an order and proposed findings and recommendations in this action, which recommended the dismissal of plaintiff's claims, some with prejudice and others with leave to amend (Dkt. No. 22). On July 27, 2011, plaintiff filed

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

objections to the proposed findings and recommendations (Dkt. No. 23). On September 6, 2011, United States District Judge Garland E. Burrell, Jr. adopted the proposed findings and recommendations in full and ordered plaintiff to file a Second Amended Complaint within 30 days of the date of that order (Dkt. No. 25).

Plaintiff's objections to the now-adopted findings and recommendations include one allegation of "judicial bias" on the part of the undersigned. Specifically, plaintiff's objection "No. 1" states:

> Plaintiff objects to that portion of Magistrate Newman's July 13, 2011 Findings and Recommendations which reference the Court's admonishment of Plaintiff with respect to the claims pled against Defendants Elaine Van Beveren and the Law Offices of Elaine Van Beveren. *See*, Findings and Recommendations, P. 18; 11-15.
>
> The basis for Plaintiff's objection is that the Court's admonishment of Plaintiff tends to reflect judicial bias against Plaintiff, who is acting as his own counsel in this matter, and would tend to have a chilling effect upon Plaintiff's ability and right to bring forth all meritorious – or potentially meritorious – claims against the Van Beveren Defendants in this matter.

(Objections to F&Rs at 1-2.) The portion of the order and findings and recommendations referred to in plaintiff's objection actually relates to the screening of plaintiff's claims against defendant County of Sacramento, not the Van Beveren Defendants, and states:

> For the reasons stated above, the undersigned dismisses all of plaintiff's claims against the County pursuant to the court's screening authority. However, plaintiff is granted leave to file a further amended complaint that attempts to cure the deficiencies noted in regards to plaintiff's claims against the County. However, as the undersigned admonished plaintiff at the hearing on the Van Beveren Defendants' motion to dismiss, plaintiff should only re-allege claims against the County if he concludes, after assessing the facts of his case and researching the law including the authorities referred to here, that he can state a plausible Section 1983 claim against the County.

(Order and Findings and Recommendations, July 13, 2011, at 18:8-15.)

Plaintiff has not formally moved to disqualify the undersigned or met certain procedural requirements attendant to such a request. However, out of an abundance of caution,

2

the undersigned construes plaintiff's allegation of "judicial bias" as a request that the undesigned disqualify himself from presiding over this action.

Pursuant to 28 U.S.C. § 144, a party may file a "timely and sufficient affidavit" seeking to preclude the assigned judge from presiding over the matter any further as a result of "a personal bias or prejudice" as to a party in the action. Section 144 provides, in its entirety:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Plaintiff has not filed a "timely and sufficient affidavit," and the Ninth Circuit Court of Appeals has held that "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).[2]

Additionally, a United States magistrate judge may disqualify himself or herself for several reasons presented in 28 U.S.C. § 455. For example, "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, a magistrate judge "shall also disqualify himself [or herself] . . . [w]here he has a personal bias or prejudice concerning a party,

---

[2] The Ninth Circuit Court of Appeals has held that, in regards to a claim of bias made pursuant to 28 U.S.C. § 144, "the judge against whom an affidavit of bias is filed may pass on its legal sufficiency." United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978), cert. denied, 440 U.S. 907 (1979); see also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("We have held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance."). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." Azhocar, 581 F.2d at 738; accord Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

3

or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1).[3]

The Ninth Circuit Court of Appeals has held that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting Studley, 783 F.2d at 939); accord Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

In United States v. Grinnell Corp., 384 U.S. 563 (1966), the United States Supreme Court stated that in order for the "alleged bias and prejudice to be disqualifying" in the context of a Section 144 affidavit, it must stem from an "extrajudicial source." Id. at 583. In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court extended the so-called "extrajudicial source doctrine" to disqualifications pursuant to 28 U.S.C. § 455, but clarified that the alleged bias must *usually* arise from an extrajudicial source. See id. at 554-55 (stating that "it would be better to speak of the existence of a significant (and often determinative) 'extrajudicial source' factor, than of an 'extrajudicial source' doctrine, in recusal jurisprudence). In so holding, the Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not

---

[3] The undersigned must rule on plaintiff's request for disqualification pursuant to 28 U.S.C. § 455(a). Bernard v. Coyne (In re Bernard), 31 F.3d 842, 843 (9th Cir. 1994) (stating that a motion to disqualify pursuant to 28 U.S.C. § 455(a) "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"); see also Perry v. Schwarzenegger, 630 F.3d 909, 915 (9th Cir. 2011) (wherein a Circuit Judge of the Ninth Circuit Court of Appeals ruled on the motion to disqualify him filed pursuant to, in part, 28 U.S.C. § 455(a)).

> constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555 (citation omitted); see also United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) ("We have described the extrajudicial source factor as involving 'something other than rulings, opinions formed or statements made by the judge during the course of trial.'") (quoting United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008)). "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." Pesnell, 543 F.3d at 1044 (citing Liteky, 510 U.S. at 555-56).

Here, the extrajudicial source factor applies to plaintiff's apparent request for disqualification. Plaintiff has simply failed to identify any extrajudicial source of any alleged bias or partiality on the part of the undersigned. Instead, plaintiff's questioning of the undersigned's impartiality stems from the undersigned's admonition that plaintiff carefully consider whether he can state a plausible claim for relief against the defendants in this action prior to filing an amended pleading. Such an admonition simply, and unremarkably, repeats the pleading standards set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and subsequent decisions that were also cited in the order and findings and recommendations at issue. (Order and Findings and Recommendations, July 13, 2011, at 7.) In any event, plaintiff's request for disqualification is squarely foreclosed by the Supreme Court's decision in Liteky and the Ninth Circuit Court of Appeals's subsequent decisions that are in accord with Liteky because plaintiff has not identified an extrajudicial source of the alleged "judicial bias." Accordingly, plaintiff's request for disqualification is denied.

////

5

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the now-adopted findings and recommendations entered July 13, 2011, are construed as including a request that the undersigned disqualify himself from presiding over this action on the basis of alleged "judicial bias."

2. Plaintiff's request that the undersigned disqualify himself from presiding over this action is denied.

IT IS SO ORDERED.

DATED: September 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE