IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SAUNDERS,

        Plaintiff,                    No. 2:10-cv-02559 GEB KJN PS

    v.

THE COUNTY OF SACRAMENTO,
SACRAMENTO, CALIFORNIA; THE
LAW OFFICES OF ELAINE VAN
BEVEREN; ELAINE VAN BEVEREN,
Individually,

        Defendants.              FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff, who is proceeding without an attorney and in forma pauperis, has filed a Second Amended Complaint.[1] Pursuant to the court's screening authority provided in 28 U.S.C. § 1915(e)(2), the undersigned screens plaintiff's Second Amended Complaint to determine whether that pleading should be served on any of the defendants and recommends that the Second Amended Complaint be dismissed with prejudice for the reasons stated below.

////

////

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.  BACKGROUND

    A.    Plaintiff's Second Amended Complaint

Plaintiff's Second Amended Complaint (Dkt. No. 27) is the operative complaint. Plaintiff's claims for relief arise from a contentious custody dispute proceeding in the Superior Court of California for the County of Sacramento ("Superior Court") between plaintiff and his "ex-partner," who are alleged to be the father and mother of the two minor daughters at the center of the custody dispute. (See Second Am. Compl. ¶¶ 1, 16, 30.)

Plaintiff Second Amended Complaint names three defendants. Plaintiff alleges claims against defendants Elaine Van Beveren and the Law Offices of Elaine Van Beveren ("Van Beveren Defendants"). On December 5, 2007, the Superior Court appointed Van Beveren to serve as counsel for the minor children. (Second Am. Compl. ¶ 5; see also Order, Dec. 5, 2007, attached as Ex. A to Req. for Judicial Notice, Dkt. No. 13, Doc. No. 13-2.)[2] Plaintiff alleges that the Law Offices of Elaine Van Beveren "is the business entity owned by Attorney Elaine Van Beveren," and that "Plaintiff is informed and believes . . . that Van Beveren is acting as an agent and under the direction of/and or the supervision of the County of Sacramento." (Second Am. Compl. ¶ 4.) Plaintiff makes several similar, conclusory allegations regarding the County of Sacramento's ("County") direction of Van Beveren's actions and a conspiracy among the County and the Van Beveren Defendants. (See id. ¶¶ 7-8, 14, 28-30, 33, 36-38, 40.) Plaintiff also alleges claims against the County stemming from the Superior Court's appointment and supervision of Van Beveren as minors' counsel, and the Superior Court proceedings addressed to the custody dispute. (See id. ¶¶ 27-33, 36-38.)

Plaintiff's claims arise from seven incidents or issues that arose in connection with the custody case and Van Beveren's role as minors' counsel. The first alleged incident

---

[2] In connection with a previously resolved motion to dismiss, the court granted the Van Beveren Defendants' request for judicial notice regarding the Superior Court's order appointing Van Beveren as minors' counsel. (Order & Findings & Recommendations, July 13, 2011, at 3 & n.3, Dkt. No. 22.)

2

1  occurred on September 23, 2008, during a meeting between plaintiff and Van Beveren regarding
2  the Superior Court proceedings and several custody-related issues; plaintiff's minor daughters
3  were present at the meeting.  (Second Am. Compl. ¶¶ 16-26.)  In short, plaintiff alleges that Van
4  Beveren repeatedly lost her temper during the meeting, repeatedly screamed at plaintiff and his
5  daughters in an angry and harassing tone, blocked the doorway to the conference room in an
6  attempt to prevent plaintiff from leaving the conference room with his daughters, grabbed and
7  twisted both of plaintiff's daughters' arms in a forceful manner, repeatedly pushed plaintiff in the
8  back as plaintiff protectively stood between his daughters and Van Beveren, and threatened
9  plaintiff with the loss of his visitation rights.  (See id. ¶¶ 19-26.)

10       The second incident occurred on September 24, 2008, during a hearing in the
11  Superior Court.  (See Second Am. Compl. ¶¶ 27-30.)  Plaintiff alleges that "Van Beveren falsely
12  claimed, in open court, that the incidents that took place in her office the evening before did not
13  happen."  (Id. ¶ 27.)  Plaintiff further alleges that he "requested that the Judge report Van
14  Beveren's assault and battery on him and his children, her attempted kidnapping [*sic*] of them,
15  her holding of them under false imprisonment, and her threatening statements, to authorities and
16  to the appropriate court officials."  (Id.)  Plaintiff alleges that "the Court refused to entertain or
17  even allow Plaintiff to speak."  (Id. ¶ 28.)  He alleges that Van Beveren thereafter made
18  recommendations to the Superior Court that resulted in the termination of plaintiff's joint
19  custody and unrestricted visitation time, and that full custody was awarded to plaintiff's ex-
20  partner.  (Id. ¶¶ 29-30.)

21       In regards to a third incident, plaintiff alleges that approximately two weeks after
22  the September 23, 2008 incident in Van Beveren's office, "Van Beveren and plaintiff's ex-
23  partner obtained a fraudulent restraining order" against plaintiff.  (Second Am. Compl. ¶ 31.)
24  Plaintiff alleges that he "later defeated" the restraining order, which the court dismissed on
25  May 8, 2009.  (Id.)

26       The fourth issue concerns plaintiff's allegation that Van Beveren repeatedly failed

3

to comply with a "Court Ordered Directive," which required Van Beveren to speak with the "Rabbi of Plaintiff's synagogue [regarding] holidays, religious issues, education, etc. pertaining to Plaintiff's daughters."[3] (Second Am. Compl. ¶ 36a.) Plaintiff alleges that Van Beveren's non-compliance with the Superior Court's order led to the children missing "religious education school classes." (Id.)

The fifth issue raised by plaintiff concerns plaintiff's allegation that his ex-partner had not granted plaintiff all of the visitation time to which plaintiff was entitled. (See Second Am. Compl. ¶ 36b.) Plaintiff alleges that he brought this issue to his attorney's attention and Van Beveren's attention, but Van Beveren never remedied this situation despite her ability to do so. (See id.)

Underlying the sixth issue raised by plaintiff is an allegation that one of plaintiff's daughters was "violently assaulted by a playmate" in or around February 2008. (Second Am. Compl. ¶ 36c.) Plaintiff alleges that he informed Van Beveren about the assault, but Van Beveren initially "did nothing about it," and then only "dealt with it very minimally and unrealistically" about five months after plaintiff "pushed the issue" with Van Beveren. (See id. (quotation marks omitted).) Plaintiff alleges that he "believes Van Beveren retaliated against [plaintiff] for reporting these issues to his attorney and the court." (Id.)

As to the seventh incident, plaintiff alleges that on March 9, 2009, the Superior Court granted plaintiff's ex-partner's and Van Beveren's unmeritorious requests to terminate plaintiff's supervised visitation with his daughters. (Second Am. Compl. ¶ 36d.) Plaintiff alleges that he "had been forced into supervised visitation as a result of . . . Van Beveren's perjury, fraud, cover-up of her crimes, et. al." (Id.) Plaintiff alleges that the Superior Court judge who presided over the May 9, 2009 hearing was later "recused with prejudice" for his behavior relative to plaintiff, but that two judges who subsequently presided over plaintiff's case

---

[3] Plaintiff alleges that the Court Ordered Directive was entered in December 2007. (See Second Am. Compl. ¶¶ 16, 36a.)

4

1  failed to overturn the disqualified judge's rulings.  (See id.)  Plaintiff alleges that because of Van
2  Beveren's criminal and fraudulent conduct, plaintiff has not seen his children in more than two-
3  and-a-half years.  (Id. ¶ 36e.)

4          Plaintiff's Second Amended Complaint raises two claims for relief.  First, plaintiff
5  asserts a claim entitled "Retaliation For Exercise Of First Amendment Rights," which is alleged
6  pursuant to 42 U.S.C. § 1983 against all defendants acting both individually and jointly.  (See
7  Second Am. Compl. ¶¶ 39-43.)  Second, plaintiff asserts a claim for conspiracy to violate his
8  civil rights pursuant to 42 U.S.C. § 1985(3).  (See Second Am. Compl. ¶¶ 44-48.)  Plaintiff has
9  abandoned his previously asserted state law claims for relief.

10      B.    Procedural History

11          Plaintiff filed his complaint and an application to proceed in forma pauperis on
12  September 21, 2010 (Dkt. Nos. 1-2).  Plaintiff's original complaint named Elaine Van Beveren
13  and the Law Offices of Elaine Van Beveren as the only defendants.  The court granted plaintiff's
14  application to proceed in forma pauperis and screened plaintiff's complaint pursuant to 28 U.S.C.
15  § 1915(e)(2).  (Order, Dec. 2, 2010, Dkt. No. 3.)  The court dismissed plaintiff's complaint
16  without prejudice and granted plaintiff leave to file an amended complaint.  (Id. at 9.)

17          On January 14, 2011, plaintiff filed a timely First Amended Complaint, which
18  named the Van Beveren Defendants and added the County as a defendant (Dkt. No. 4).  The First
19  Amended Complaint alleged claims against all defendants pursuant to 42 U.S.C. § 1983 and
20  California state law.

21          On February 10, 2011, the court ordered service of plaintiff's First Amended
22  Complaint on the Van Beveren Defendants through the United States Marshal's office.  (Order,
23  Feb. 10, 2011, Dkt. No. 5.)  The court did not order service on the County.  Despite this limited
24  service-related order, the Clerk of Court issued a summons for the County.  (Summons in a Civil
25  Case, Dkt. No. 8.)  Although it is unclear why a summons was issued as to the County, that
26  summons was issued in error.

On May 12, 2011, plaintiff filed Return of Service forms for the Van Beveren Defendants and the County (Dkt. No. 10-11).  These forms represent that plaintiff effectuated service of process of the First Amended Complaint and the summonses through a private process server rather than the United States Marshal.

On June 2, 2011, the Van Beveren Defendants filed a motion to dismiss plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Van Beveren Defs.' Mot. to Dismiss, Dkt. No. 13.)  Also on June 2, 2011, the County filed both a motion to quash service of the summons pursuant to Federal Rule of Civil Procedure 12(b)(5) on grounds including that the court never ordered service on it, and a motion to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 15).

The undersigned entered an Order and Findings and Recommendations on July 13, 2011 (Dkt. No. 22).  That disposition: (1) recommended that all of plaintiff's claims against the Van Beveren Defendants alleged pursuant to 42 U.S.C. § 1983 be dismissed with prejudice; (2) screened the claims alleged against the County and dismissed plaintiff's Section 1983 claims against the County without prejudice; and (3) declined to recommend whether or not the court should exercise supplemental jurisdiction over plaintiff's state law claims against the defendants pending the screening of plaintiff's forthcoming Second Amended Complaint.  The district judge assigned to this case adopted the findings and recommendations in full.  (Order, Sept. 6, 2011, Dkt. No. 25.)  Plaintiff subsequently filed a timely Second Amended Complaint.

II. LEGAL STANDARDS

The court is required to screen complaints filed by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

6

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Franklin v. Murphy, 745 F.2d 1221,
3 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous if that claim is
4 based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.

6    In assessing whether a plaintiff's complaint fails to state a claim on which relief
7 may be granted, the court adheres to the "notice pleading" standards.  Under the "notice
8 pleading" standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide,
9 in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R.
10 Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A
11 complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true,
12 it contains 'enough facts to state a claim to relief that is plausible on its face.'"  Coto Settlement
13 v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937,
14 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that
15 allows the court to draw the reasonable inference that the defendant is liable for the misconduct
16 alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010)
17 (quoting Iqbal, 129 S. Ct. at 1949).  The court accepts all of the facts alleged in the complaint as
18 true and construes them in the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503
19 F.3d 974, 977 (9th Cir. 2007).  The court is "not, however, required to accept as true conclusory
20 allegations that are contradicted by documents referred to in the complaint, and [the court does]
21 not necessarily assume the truth of legal conclusions merely because they are cast in the form of
22 factual allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

23    The court must construe a pro se pleading liberally to determine if it states a claim
24 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
25 opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See
26 Lopez, 203 F.3d at 1130-31; accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

7

Cir. 1990).

III. DISCUSSION

  A. Plaintiff's Claim Alleged Pursuant To 42 U.S.C. § 1983 Is Subject To Dismissal

    1. Plaintiff's Section 1983 Claim Was Previously Dismissed With Prejudice

Plaintiff's first claim for relief—entitled "Retaliation For Exercise of First Amendment Rights"—alleges that defendants, "individually and/or while acting in concert with one another," violated plaintiff's First Amendment right "to be free from retaliation for engaging in free speech, objecting to Defendant Van Beveren's manipulations, dishonesty, and machinations, etc., and to be free from retaliation for lawfully petitioning the government (the family court) for redress of complaints and/or grievances." (Second Am. Compl. ¶ 40.) The undersigned recommends that this claim be dismissed with prejudice.

In the findings and recommendations filed on July 13, 2011, the undersigned recommended that plaintiff's Section 1983 claim against the Van Beveren Defendants premised on allegations including allegations of First Amendment retaliation be dismissed with prejudice. (Order & Findings & Recommendations, July 13, 2011, at 9-13.) The undersigned concluded that plaintiff had not alleged, and could not plausibly allege, that the Van Beveren Defendants were state actors for the purpose of a Section 1983 claim. The undersigned stated, in part:

> [R]egardless of the number or type of constitutional violations alleged, plaintiff cannot successfully allege that the Van Beveren Defendants are state actors or acted under color of state law for the purposes of a Section 1983 claim. Elaine Van Beveren is a private attorney who is alleged to own the Law Offices of Elaine Van Beveren. Van Beveren is a private actor who owns a private business, but was appointed to act as minors' counsel by the Superior Court.
>
> To determine whether a private actor acts under color of state law, the court evaluates whether the alleged infringement of federal rights is "fairly attributable" to the government even though committed by private actors. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). In terms of counsel appointed by courts in other contexts, it is well-settled that a public defender appointed to represent a criminal defendant is not a state actor and does not act under color of state law for the purposes of a Section 1983 claim. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law

        when performing traditional functions as counsel in a criminal proceeding); accord Miranda v. Clark County, Nev., 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding that, as a matter of law, a public defender who was appointed to represent a criminal defendant in a traditional lawyer role was not a state actor despite the fact that he was "paid by government funds and hired by a government agency"). Additionally, courts have persuasively held that counsel appointed to represent minors in state court juvenile proceedings, either as counsel or guardians ad-litem, are not considered state actors for the purpose of a Section 1983 claim. See Kirtley, 326 F.3d at 1092-96 (holding that a private attorney appointed by the state to represent a minor in court proceedings as guardian ad litem does not act under color of state law for the purpose of a Section 1983 claim); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (per curiam) (holding that a private attorney appointed by court to represent minor in state court juvenile delinquency proceedings does not act under color of state law for the purpose of a Section 1983 claim), cert. denied, 479 U.S. 828 (1986); Chambers v. Santa Clara County, No. C 05-3308 SI, 2006 WL 2433413, at *3 (N.D. Cal. Aug. 21, 2006) (unpublished) (same). Similarly, a judge of this court persuasively concluded that an attorney in private practice who was appointed by a court to represent children in child custody proceedings did not act under color of state law for the purpose of a Section 1983 claim subsequently brought by the children's parent against the appointed counsel. Deluz v. Law Offices of Frederick S. Cohen, No. CIV S-10-0809 GEB DAD PS, 2011 WL 677914, at *4-5 (E.D. Cal. Feb. 17, 2011) (unpublished), adopted by Order, Mar. 22, 2011.

        Here, insofar as the alleged constitutional violations are concerned, Elaine Van Beveren acted as court-appointed counsel for plaintiff's minor children and represented them in connection with proceedings in the Superior Court. Such court-appointed representation does not support that the Van Beveren Defendants' acts were fairly attributable to the government such that the Van Beveren Defendants were acting under color of state law. The authorities cited above support that plaintiff's Section 1983 claim or claims alleged against the Van Beveren Defendants cannot proceed because the Van Beveren Defendants are not state actors and did not act under color of state law. Accordingly, the undersigned recommends that plaintiff's Section 1983 claims be dismissed with prejudice as to the Van Beveren Defendants.

(Id. at 10-11 (footnote omitted).) The recommendation of dismissal with prejudice took into account plaintiff's allegation in the First Amended Complaint that Van Beveren acted "as an agent and under the direction of/and or the supervision of the County of Sacramento." (First Am. Compl. at 12; see also Order & Findings & Recommendations, July 13, 2011, at 3.) The district judge assigned to this case adopted the July 13, 2011 findings and recommendations in full and

dismissed plaintiff's Section 1983 claims against the Van Beveren Defendants with prejudice. (Order, Sept. 6, 2011, at 2.)

Nevertheless, plaintiff filed his Second Amended Complaint and re-alleged his First Amendment retaliation claim against the Van Beveren Defendants. Except for several additional, conclusory allegations of a conspiracy between the Van Beveren Defendants and the County,[4] plaintiff's First Amendment retaliation claim alleged in the Second Amended Complaint is premised on the same factual allegations contained in the First Amended Complaint. The undersigned recommends that plaintiff's first claim for relief be dismissed because plaintiff re-alleged a claim that was already dismissed with prejudice. Because plaintiff was not granted leave to re-allege his First Amendment retaliation claim against the Van Beveren Defendants in the Second Amended Complaint, such claim is subject to summary dismissal with prejudice.

        2.      <u>The County Is Not A Proper Defendant As To Plaintiff's Monell Claim</u>

The undersigned next addresses the municipal liability aspect of plaintiff's first claim for relief, which is alleged against the County pursuant to 42 U.S.C. § 1983 and <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). The undersigned concludes, for the second time in this case (<u>see</u> Order & Findings & Recommendations, July 13, 2011, at 17-18), that plaintiff's municipal claim against the County should be dismissed because the County is not the proper defendant relative to plaintiff's claim. The undersigned recommends that plaintiff's Section 1983 claim against the County be dismissed with prejudice.

As plaintiff's Second Amended Complaint amply demonstrates, plaintiff's Section 1983 claim against the County is centered on the acts or omissions of the Superior Court

---

[4] Conclusory allegations of a conspiracy between a private attorney and a state official, including a judge, cannot save from dismissal a Section 1983 claim against a private actor. <u>See</u>, e.g., <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003); <u>Shucker v. Rockwood</u>, 846 F.2d 1202, 1205 (9th Cir. 1988); <u>accord</u> <u>Wisdom v. Katz</u>, 308 Fed. Appx. 120, 121 (9th Cir. 2009); <u>Copple v. Astrella & Rice, P.C.</u>, 442 F. Supp. 2d 829, 836-37 (N.D. Cal. 2006), <u>aff'd</u>, 281 Fed. Appx. 675 (9th Cir. 2008).

and its judges. (See Second Am. Compl. ¶ 41 ("Defendants' actions and failures as alleged above constitute a custom, pattern, and practice within the court system, insular, autocratic supervisory hierarchy wherein the Civil Rights of tax-paying parents such as Plaintiff . . . , as set forth in 42 U.S.C. § 1983 and elsewhere, are violated in reaction and response to legitimate citizen complaints."); see also id. ¶¶ 27-33, 36, 38 (alleging acts and omissions by the Superior Court's judges relative to the custody proceedings and Van Beveren's alleged battery of plaintiff).) Specifically, plaintiff alleges that a judge or judges of the Superior Court hampered or denied plaintiff's ability to obtain or retain a favorable custody arrangement and to seek redress of his grievances in regards to Van Beveren's alleged actions including the alleged battery of plaintiff. He also alleges that he was retaliated against for engaging in free speech, objecting to Van Beveren's conduct as minor's counsel, and petitioning the Superior Court for redress of grievances. (Id. ¶ 41.) In short, plaintiff's Section 1983 claim against the County concerns the appointment of Van Beveren as minors' counsel by a judge of the Superior Court, the supervision of Van Beveren by a judge or judges of the Superior Court, the alleged failure by a judge or judges of the Superior Court to permit plaintiff to adequately seek redress relative to Van Beveren's actions, and alleged retaliation against plaintiff by a judge or judges of the Superior Court.

    In screening plaintiff's First Amended Complaint and dismissing plaintiff's claim against the County, the undersigned concluded that the County was not the proper party insofar as plaintiff's municipal Section 1983 claim was concerned. The undersigned stated, in relevant part: "Even more fundamentally, plaintiff's Section 1983 claims against the County are subject to dismissal because Van Beveren was appointed as minors' counsel by a Superior Court judge, who acted pursuant to authority conferred by the State of California, not the County." (Order & Findings & Recommendations, July 13, 2011, at 17-18 (collecting cases).) The undersigned again determines that the County is not the proper defendant in regards to plaintiff's claim of violations of his First Amendment rights.

Article VI, Section 1 of the California Constitution provides: "The judicial power of this State is vested in the Supreme Court, courts of appeal, and superior courts, all of which are courts of record." The Ninth Circuit Court of Appeals has held that the Superior Courts of the State of California are agencies or "arms of the state" that derive their power from, and are regulated by, the State of California, not the counties in which they sit. See Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) ("The official name of the court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State. Judges are appointed by California's governor, and their salaries are established and paid by the State."); accord Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997); cf. Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (holding that the now-abolished municipal courts were arms of the state, not the counties in which they sat); see also Zoe v. Family Court Servs. of Alameda County, No. C 96-2588 CW, 1998 WL 292036, at *8 (N.D. Cal. Mar. 26, 1998) (unpublished) (recognizing that the Alameda County Superior Court is an agency of the State of California, not the County of Alameda). Additionally, district courts have concluded that a Section 1983 claim brought under Monell does not lie against the county in which a Superior Court sits because the acts or omissions of the judges of such a court are tied to the State of California, not the county. See Fritz v. Kern County, No. CV-F-07-377 OWW/TAG, 2008 WL 2037754, at *30 (E.D. Cal. May 12, 2008) (unpublished) ("Judges of the Superior Courts of the State of California are not employed by or agents of the County of Kern. The acts or omissions of judges of the Superior Courts of the State of California do not represent an allegedly unconstitutional policy or practice of the County of Kern.") (citing Franceschi, 57 F.3d at 831); Wyatt v. County of Butte, No. 2:06-cv-1003-GEB-DAD, 2006 WL 3388550, at *3 (E.D. Cal. Nov. 22, 2006) (unpublished) (concluding that plaintiff's Monell claim could not proceed against the county insofar as the acts of state judicial officers were concerned because state judicial officers are state actors, not county actors) (citing Petty v. Petty, No. C 03-0548 SI,

2003 WL 21262369, at *4 (N.D. Cal. May 28, 2003) (unpublished) (stating that judges do not act pursuant to municipal policy and thus the county was an inappropriate defendant in regards to a Section 1983 claim premised on two family court judges' actions)); cf. Eggar v. City of Livingston, 40 F.3d 312, 314-15 (9th Cir. 1994) (holding that a city in the State of Montana could not be held liable under Monell for the acts of a municipal court judge where the municipal court judge's exercise of judicial discretion derived from the authority of the state and was appealable to higher state courts); Appleton v. County of Sacramento, No. Civ. S-05-1685 WBS KJM, 2005 WL 3555470, at *5 (E.D. Cal. Dec. 23, 2005) (unpublished) (concluding that "Sacramento County does not control the actions of the Superior Court of California, regardless of the court's physical location," and that "[b]y extension, [a] receiver appointed by the state court to effectuate its judgment also cannot represent the County or fall under its control").

    Here, as noted above, plaintiff's claim against the County arises from the acts or omissions of the Superior Court and its judges. As the authorities cited above demonstrate, the Superior Court and its judges derive their power from, and are regulated by, the State of California, not Sacramento County. As a result, plaintiff was not aggrieved by the policies, customs, or practices of the County or County actors; he was aggrieved, if at all, by an arm of the State of California and State actors. Accordingly, the County is not the proper defendant insofar as plaintiff's Monell claim is concerned, and the undersigned recommends that plaintiff's claim against the County be dismissed with prejudice.

    B.  Plaintiff's Claim Alleged Pursuant to 42 U.S.C. § 1985(3) Is Subject to Dismissal

    Finally, the undersigned addresses plaintiff's second claim for relief, which is alleged pursuant to 42 U.S.C. § 1985(3). (See Second Am. Compl. ¶¶ 44-48.) In relevant part, 42 U.S.C. § 1985(3) prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such

State or Territory the equal protection of the laws . . . ."  Plaintiff alleges a conspiracy by the Van Beveren Defendants and the County to violate plaintiff's civil rights, and this claim is based on the same factual allegations as plaintiff's first claim for relief.  In short, the undersigned recommends that plaintiff's Section 1985(3) claim be dismissed with prejudice because plaintiff failed to state a plausible claim for relief, and there is no indication in plaintiff's Second Amended Complaint that plaintiff could cure the defects through amendment.

Plaintiff's Section 1985(3) claim is subject to dismissal for at least two reasons.  First, plaintiff's Section 1985(3) claim should be dismissed because it is premised on the same allegations as plaintiff's unsuccessful Section 1983 claim.  A party cannot state a conspiracy claim under 42 U.S.C. § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983 where both claims are premised on the same factual allegations.  See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"); accord Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005).  Here, plaintiff's claims brought pursuant to 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983 are based on the same underlying factual allegations.  Because plaintiff's Section 1983 claim is subject to dismissal, his Section 1985(3) claim is likewise subject to dismissal.

Second, plaintiff's Section 1985(3) claim fails because plaintiff has not alleged that the discrimination he suffered was motivated by his membership in a suspect or quasi-suspect class.  The Ninth Circuit Court of Appeals has noted that 42 U.S.C. § 1985(3) was passed as the Ku Klux Klan Act of 1871, and that the original purpose of that statute "was to enforce the rights of African Americans and their supporters."  Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).  The Court of Appeals has "extended § 1985(3) to protect non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection.'"  Id. (modifications in original) (citing Sever v. Alaska Pulp Corp.,

978 F.2d 1529, 1536 (9th Cir. 1992)); accord RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002); Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002); Orin v. Barclay, 272 F.3d 1207, 1217 & n.4 (9th Cir. 2001).[5]

Here, plaintiff has not alleged membership in a suspect class, quasi-suspect class, or other group afforded special federal civil rights protection in a specific attempt to substantiate his Section 1985(3) claim. However, plaintiff generally alleges that he is permanently disabled as a result of a neurological condition, and that the battery he allegedly suffered at the hands of Elaine Van Beveren aggravated his neurological disability. (Second Am. Compl. ¶¶ 1, 34.) Although plaintiff's alleged disability might place plaintiff in a class otherwise entitled to bring a Section 1985(3) claim, the court need not resolve whether such is the case. The court need not resolve that question because nothing in plaintiff's detailed Second Amended Complaint remotely implies—let alone alleges—that defendants' alleged actions were motivated by "invidiously discriminatory animus" premised on plaintiff's disability. See, e.g., Orin, 272 F.3d at 1217 (stating that an essential element of a claim brought pursuant to 42 U.S.C. § 1985(3) is that the conspiring defendants' actions be motivated by "invidiously discriminatory animus"); see also Manistee Town Ctr. v. City of Glendale, 227 F.3d 1090, 1095 (9th Cir. 2000) ("A cause of action under the first clause of § 1985(3) cannot survive a motion to dismiss absent an allegation of class-based animus.").[6] Instead, plaintiff expressly alleges that defendants conspired to violate, and violated, his First Amendment rights as "retaliation for lawfully petitioning the

---

[5] More generally, a plaintiff must plead and prove the following four elements to bring a successful claim pursuant to 42 U.S.C. § 1985(3): "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever, 978 F.2d at 1536.

[6] In Orin, the Ninth Circuit Court of Appeals stated: "To prove a violation of § 1985(3), Orin must show 'some racial, or perhaps otherwise class-based, *invidiously discriminatory animus* behind the conspirators' action.'" 272 F.3d at 1217 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

government (family court) for redress of complaints and/or grievances." (Second Am. Compl. ¶ 46.) Plaintiff does not allege that he was discriminated against because of his neurological disability; rather, he plainly alleges that he was discriminated against because he, as a "tax-paying parent," complained to the family court about Van Beveren's actions. (See id. ("Defendants' actions and failures as alleged above constitute a custom, pattern, and practice within Sacramento County's insular, autocratic supervisory hierarchy wherein the Civil Rights of tax-paying parents such as Plaintiff . . . are violated in reaction and response to legitimate citizen complaints.")) Accordingly, plaintiff's Section 1985(3) claim is subject to dismissal.

For each of the above-stated reasons, plaintiff's 42 U.S.C. § 1985(3) claim should be dismissed as to all defendants. Such dismissal should be with prejudice because nothing in plaintiff's Second Amended Complaint suggests that plaintiff could overcome the deficiencies attendant to this claim if given leave to file a third amended complaint.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Second Amended Complaint be dismissed with prejudice.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

////

////

////

1 Failure to file objections within the specified time may waive the right to appeal the District
2 Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
3 1153, 1156-57 (9th Cir. 1991).
4         IT IS SO RECOMMENDED.
5 DATED: December 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE