IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT SAUNDERS,

        Plaintiff,                    No. 2:10-cv-02559 GEB KJN PS

    v.

THE COUNTY OF SACRAMENTO,
SACRAMENTO, CALIFORNIA; THE
LAW OFFICES OF ELAINE VAN
BEVEREN; ELAINE VAN BEVEREN,
Individually,

        Defendants.               ORDER

_____/

        On December 6, 2011, the assigned magistrate judge filed Findings and Recommendations in this case that recommend the dismissal of plaintiff's Second Amended Complaint with prejudice (Dkt. No. 36).  On December 20, 2011, plaintiff filed timely objections to the Findings and Recommendations (Dkt. No. 37).  However, on December 21, 2011, plaintiff filed a motion to strike the Findings and Recommendations pursuant to Federal Rule of Civil Procedure 12(f) (Dkt. No. 38) that sets forth arguments very similar to those contained in plaintiff's objections to the Findings and Recommendations .  By this order, the court denies plaintiff's motion to strike without a hearing or opposition, see Fed. R. Civ. P. 78(b), E. Dist. Local Rule 230(g), but advises plaintiff that the court will consider plaintiff's motion to strike as additional objections to the Findings and Recommendations.

        Plaintiff's motion to strike is denied because Federal Rule of Civil Procedure 12(f) may not be used to strike a magistrate judge's proposed findings and recommendations.  Rule 12(f) permits the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).  The term "pleading" is further defined in Federal Rule of Civil Procedure 7(a) as follows:

**(a) Pleadings.** Only these pleadings are allowed:

**(1)** a complaint;

**(2)** an answer to a complaint;

**(3)** an answer to a counterclaim designated as a counterclaim;

**(4)** an answer to a crossclaim;

**(5)** a third-party complaint;

**(6)** an answer to a third-party complaint; and

**(7)** if the court orders one, a reply to an answer.

Here, plaintiff's motion to strike seeks to strike material that does not constitute a pleading or that is not contained in a pleading. Accordingly, plaintiff's motion to strike is denied. See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). However, out of an abundance of caution, the court will consider the substantive arguments in plaintiff's motion to strike in resolving the magistrate judge's Findings and Recommendations.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to strike (Dkt. No. 38) is denied. However, plaintiff's arguments stated in his motion to strike will be considered in reviewing the magistrate judge's Findings and Recommendations.

IT IS SO ORDERED.

Dated: January 3, 2012

GARLAND E. BURRELL, JR.
United States District Judge