IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ROBERT SAUNDERS,                      )
                                      )   2:10-cv-02559-GEB-KJN
          Plaintiff,                  )
                                      )
     v.                               )   ORDER DENYING PLAINTIFF'S
                                      )   MOTION FOR RECONSIDERATION
THE COUNTY OF SACRAMENTO,             )
SACRAMENTO, CALIFORNIA; THE LAW       )
OFFICES OF ELAINE VAN BEVEREN;        )
ELAINE VAN BEVEREN,                   )
Individually,                         )
                                      )
          Defendants.                 )
_____      )
```

On February 15, 2012, an Order was filed ("Dismissal Order"), which adopted the Magistrate Judge's December 6, 2011 Findings and Recommendations in full and dismissed Plaintiff's Second Amended Complaint with prejudice. (ECF No. 47.) Judgement was entered accordingly on the same day. (ECF No. 48.)

Plaintiff filed "Objections to the District Court Dismissal of this Case on Grounds for Reversible Error" on February 28, 2012. (ECF No. 49.) The Court "construe[s] th[is] filing[] . . . as a request for reconsideration or relief from judgment." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898 (9th Cir. 2001). Further, since the filing was made within twenty-eight days of entry of judgment, it "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure [("Rule")] 59(e)[,]" rather than "a motion for relief from a judgment or order" under Rule 60(b). Id. at 898-99 (applying Rule 59(e)'s ten day deadline before its 2009 amendment to twenty-eight

days)(citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)(citation omitted). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." Id. (internal quotation marks and citation omitted). Further, "[a] reconsideration motion is properly denied where it merely presents arguments previously raised[.]" Lopes v. Vieria, No. 1:06-cv-01243 OWW SMS, 2011 WL 3568600, at *2 (E.D. Cal. Aug. 12, 2011)(citing Blacklund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Plaintiff has not made an adequate showing under any of the four basic grounds for reconsideration referenced above; rather, "[he] reiterates his contentions" raised in his Objections to the Magistrate Judge's December 6, 2011 Findings and Recommendations (ECF No. 37) and his Motion to Strike the same Findings and Recommendations (ECF No. 38). The Court considered these arguments in adopting the Magistrate Judge's December 6, 2011 Findings and Recommendations, as expressly stated in the Dismissal Order. (ECF No. 47, 1:18-24.) For the stated reasons, Plaintiff's reconsideration motion is DENIED.

Dated: March 9, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge